# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **COREY D. BLACK,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00877 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **NEW RIVER VALLEY REGIONAL** ) | By: James P. Jones |
| **JAIL, ET AL.,** ) | United States District Judge |
| Defendants. ) | |
| ) | |

*Corey D. Black, Pro Se Plaintiff.*

In this prisoner civil rights action under 42 U.S.C. § 1983, three defendants have either not been served or have not filed a responsive pleading: Rebecca Jarvis, James Keen, and Brooke Carroll. Upon review of the plaintiff's allegations, however, I conclude that as to these defendants, the case must be dismissed for failure to state a claim upon which relief could be granted.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution as a result of conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

After reviewing Black's initial Complaint, the court notified him of these requirements and granted him an opportunity to file an Amended Complaint. The Order expressly advised Black that his allegations needed to include a description of personal conduct each defendant took to violate his rights. Black filed an Amended Complaint and later, a Second Amended Complaint in which he named Jarvis, Keen, and Carroll among the defendants. In this document, however, Black does not identify any action that Keen or Carroll allegedly took in violation of his constitutional rights. He mentions these individuals only in the list of defendants and states that they are "mental health" workers at the jail. Second Am. Compl. 2, ECF No. 45.

Similarly, Black mentions Jarvis in the list of defendants; states that she has something to do with "PREA," the Prison Rape Elimination Act; and alleges that she "knows about this complaint." *Id.* He also states that Jarvis, among others, told a jail captain to allow Black to call the local magistrate about an unspecified indecent exposure incident. *See id.* at 9. Black does not describe any action that Jarvis took or failed to take that violated his constitutional rights.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Based on the foregoing, it is **ORDERED** that this action is

hereby DISMISSED as to defendants REBECCA JARVIS, JAMES KEEN, and BROOKE CARROLL, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief could be granted.  Those defendants shall be terminated as parties to this case.

    ENTER:  October 23, 2020

    /s/  JAMES P. JONES
    United States District Judge